```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                              )  Case No. 15-10373 (KJC)
                                    )  Chapter 11
PRONERVE HOLDINGS, LLC, et al.,     )
                                    )
            Debtors.                )
PRONERVE HOLDINGS, LLC              )  Adv. Proc. No. 15-50211
                                    )
            Plaintiff,              )
                                    )
    vs.                             )  Courtroom No. 5
                                    )  824 Market Street
MEDSURANT HOLDINGS, LLC and         )  Wilmington, Delaware 19801
JORDAN KLEAR                        )
                                    )  June 15, 2015
            Defendants.             )  11:00 A.M.
```

TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For the Debtors:         Pepper Hamilton LLP
                         By: DONALD DETWEILER, ESQUIRE
                         1313 Market Street
                         Wilmington, Delaware 19899

ECRO:                    AL LUGANO

Transcription Service:   Reliable
                         1007 N. Orange Street
                         Wilmington, Delaware 19801
                         Telephone: (302) 654-8080
                         E-Mail: gmatthews@reliable-co.com


Proceedings recorded by electronic sound recording:
transcript produced by transcription service.

```
 1  For Specialty Care:      Richards Layton & Finger, P.A.
                             By:  MARCOS RAMOS, ESQUIRE
 2                           920 North King Street
                             Wilmington, Delaware 19801
 3
                             Bradley Arant Boult Cummings LLP
 4                           By:  BILL NORTON, ESQUIRE
                             1600 Division Street, Suite 700
 5                           Nashville, Tennessee 37203

 6  For Medsurant:           Stevens & Lee, P.C.
                             By:  JOSEPH HUSTON, ESQUIRE
 7                           1105 N. Market Street, Suite 700
                             Wilmington, Delaware 19801
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                                  INDEX

2                                                                    Page

3  NOTICE OF AGENDA MATTERS:
   For the Debtors, by Mr. Detweiler                                 4,7
4  For Specialty Care, by Mr. Ramos                                    5
   For Specialty Care, by Mr. Norton                                   5
5  For Medsurant, by Mr. Huston                                        6

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE CLERK: Court is now in session.

2          THE COURT: Good morning, this is Judge Carey.
3  We're on the record in the ProNerve Holdings Chapter 11
4  proceeding, specifically, with respect to a status hearing on
5  adversary number 15-50211. I will turn the floor over to
6  counsel.

7          MR. DETWEILER: Good morning, may I please the
8  Court, Donald Detweiler, Pepper Hamilton, on behalf of the
9  ProNerve Debtors. I believe our co-counsel Darren Azman from
10 McDermott Will & Emery is also on the line.

11         Your Honor, the Debtors are no longer a party to the
12 litigation. What we thought would be best, referring
13 specifically to the adversary matter, what we thought would
14 be best is perhaps to have the buyer, Specialty Care, inform
15 the Court as to the status. We do understand that there has
16 been litigation that has been commenced down south and,
17 perhaps, they can advise you as to the status for the
18 litigation.

19         Lastly, Your Honor, we understand that there is some
20 discussion among Specialty Care and the Defendant Medsurant
21 with regard to a potential dismissal of the adversary before
22 Your Honor. So with that, I would turn it over to Marcos
23 Ramos of Richards Layton to provide Your Honor with a status
24 from the buyers' perspective.

25         THE COURT: All right.

1         MR. RAMOS: Good morning, Your Honor, it's Marcos
2 Ramos, Richards Layton & Finger. Your Honor, we have on the
3 line, with us this morning, Mr. William Norton of the law
4 firm Bradley Arant Boult Cummings. They are our co-counsel
5 on behalf of Specialty Care. We filed a motion *pro hac vice*
6 for Mr. Norton earlier this morning. We would ask Your
7 Honor's permission for Mr. Norton to be heard to provide Your
8 Honor with a status report with regards to this matter.
9         THE COURT: Very well.
10         MR. NORTON: Yes, Your Honor, this is Bill Norton at
11 Bradley Arant Boult Cummings in Nashville. As Your Honor
12 knows, Specialty Care was a purchaser of the different causes
13 of actions as well as other assets in this case. We had been
14 in communication regarding this adversary. There, frankly,
15 hasn't been any answer or any activity regarding that
16 adversary. There was some e-mail exchanges from counsel
17 dealing with whether it was appropriate for us to continue it
18 in that jurisdiction, to what extent we had standing, all
19 those kinds of issues were raised.
20         Frankly, we've concluded that it would probably be
21 better just to stipulate to a dismissal and there was some
22 discussion regarding that, but when we got around to the
23 actual stipulation, we haven't quite completed that at this
24 point. We would anticipate being able to do that; however,
25 but if not, we would likely end up filing a motion to

1  dismiss, obviously, without prejudice.  I think our current
2  status is just too ultimately reach an agreement on the
3  stipulation itself.
4          THE COURT:  All right, does anyone else wish to be
5  heard?
6          MR. HUSTON:  Good morning, Your Honor, may I please
7  the Court, Joseph Huston, Stevens & Lee, here representing
8  the Defendants in the adversary proceeding.  There was
9  discussion about having this case, the adversary case
10 dismissed without prejudice and we had some concerns about
11 that because, number one, Specialty Care isn't really a party
12 to this adversary.  There were some other issues about
13 whether Debtor specific claims ought to be dismissed with
14 prejudice.
15         We had further discussions on my side and have
16 concluded that we would agree to pay voluntary dismissal
17 without prejudice.  The only reason that we, and I actually
18 communicated that to the folks on the phone here this
19 morning, whether somebody up the food chain had a second
20 thought and said woops, there is insurance involved, perhaps
21 we need the consent of the insurer and so we simply didn't
22 have enough time to make that happen, but I would anticipate,
23 well, actually, when it comes to insurance companies I never
24 can anticipate anything.  I would be surprised if they did
25 not approve of this, but we need to just touch that base so

1 that we are not interfering with anybody's coverage or other
2 views of the case.
3     THE COURT:  Thank you.  Does anyone else wish to be
4 heard?
5     MR. DETWEILER:  May I please the Court, Your Honor,
6 this is Donald Detweiler.  What I think we are hearing on the
7 Debtors' side and perhaps the Court is the same, is that it's
8 likely that this adversary will be dismissed voluntarily via
9 a stipulation.  To the extent that the two parties, what we
10 consider the litigants in the adversary now, can't reach
11 resolution, we would anticipate that there will probably be a
12 motion to dismiss, file and then take the issue up with the
13 Court.  From the Debtors' perspective, we are hopeful that
14 the matter is dismissed voluntarily and that the two
15 litigants are able to reach a resolution so that we don't
16 have to burden the Court with anything further.
17     THE COURT:  All right, thank you.  Look, at first
18 blush here, it strikes me that the parties are headed in the
19 right direction.  Frankly, you know, we're down now to a
20 dispute between two non-Debtor entities, the result of which
21 litigation may not have any impact on the estate.  I am not
22 prejudging anything.  I didn't really delve into the papers
23 again.  I know what the general issue was when the matter was
24 first filed, but, you know, obviously, the parties are
25 cognoscente of the fact that the Court might not have

1 jurisdiction to dispose of this matter, which may include a
2 determination about whether something should be dismissed
3 with or without prejudice.
4     In any event, I'll say no more because it sounds to
5 me like the parties are working in the right direction.  I
6 will await submission, hopefully, of an agreed order under
7 certification.  Are there any questions or is there anything
8 further we need to talk about today?
9     MR. DETWEILER:  Donald Detweiler, Your Honor, not
10 from the Debtors' perspective.
11     THE COURT:  All right.  I hear no further response.
12 Thank you all very much.
13     MR. HUSTON:  Joseph Huston, Your Honor, none from
14 the Defendants.
15     THE COURT:  Thank you, Mr. Huston.  That will
16 conclude this hearing.  The Court will stand in recess.
17 Thank you all very much.
18   (Court Adjourned)
19                         CERTIFICATE
20
21 I certify that the foregoing is a correct transcript from the
22 electronic sound recording of the proceedings in the above-
23 entitled matter.
24
/s/Mary Zajaczkowski                    June 20, 2015
25 Mary Zajaczkowski, CET**D-531                  Date